**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IOWA PLAYHOUSE, RONALD BERGERON and MICHAEL BERGERON,<br><br>　　　　Defendants. | CA NO. _____ |

**COLLECTIVE AND CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

## I. INTRODUCTION

1. Plaintiff Andrea Grove brings this class and collective action on behalf of herself and all other exotic dancers who have worked at Iowa Playhouse ("Playhouse") in Council Bluffs, Iowa. This action is brought against Playhouse and its owner, Ronald Bergeron, and manager, Michael Bergeron (collectively, "Defendants").

2. In this action, Plaintiff claims that Defendants have misclassified exotic dancers working at Playhouse as independent contractors rather than employees; have paid dancers less than the minimum wage and have taken unlawful deductions from the dancers' pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and Iowa state law.

3. Plaintiff also claims that Defendants have refused to re-hire her as an exotic dancer in retaliation for her assertion of wage an hour claims, in violation of the FLSA.

4. This action is brought individually and as a class and collective action for unpaid minimum wages, overtime compensation, unlawful deductions, liquidated damages, and for other relief under the FLSA, the Iowa Wage Payment Collection Law (Iowa Code § 91A.8), and Fed. Civ. P. Rule 23. The collective action provisions under the FLSA provide for opt-in class participation, while Plaintiffs' class allegations under Federal Rule 23 are "opt-out" classes.

## II. PARTIES

5. Plaintiff Andrea Grove is an adult resident of Omaha, Nebraska. She worked as an exotic dancer at Playhouse between approximately August 2018 and October 2018, and returned to perform on amateur night on July 1, 2020.

6. The members of the proposed collective and class are all individuals who worked as exotic dancers at Playhouse during the relevant statutory periods.

7. Defendant Playhouse Iowa is a company with its principal place of business in Council Bluffs, Iowa.

8. Defendant Ronald Bergeron is the owner of Playhouse Iowa. During Plaintiff's time working at Playhouse on 2018, Ronald Bergeron was in charge of the day-to-day decisions regarding dancers, including hiring, compensation, and discipline. Defendant Michael Bergeron currently manages Playhouse Iowa on a day-to-day basis, and is involved in decisions regarding hiring and compensation of dancers.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

10. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the laws of the State of

Iowa, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at least one Defendant is located within in this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within this Division.

### IV. STATEMENT OF FACTS

12. Defendants have misclassified exotic dancers working at Playhouse as "independent contractors," when, in reality, they are employees of Defendants.

13. Defendants have exercised extensive control over the manner in which exotic dancers at Playhouse perform their jobs and conduct themselves while on Playhouse's premises, including what they are allowed to wear, how much they can receive for private dances and sessions, and how they can interact with customers.

14. Defendants required exotic dancers to work a set schedule of at least three nights per week, and fined them money if they missed a shift or arrived late. The shifts started between 6 PM and 8 PM. Plaintiff and other dancers were required to stay at Playhouse until the club closed – on 2 AM Tuesday-Thursday, and at 5AM Friday through Saturday. As a result, dancers worked up to 11 hours per shift.

15. During the dancers' shifts, Defendants would require dancers to come to the stage at the Club periodically to perform during a set of several songs.

16. Playhouse is in the business of providing adult entertainment to its patrons. The dancers perform services in the usual course of Playhouse's business, and without the dancers, Playhouse would have no business.

17. The exotic dancers who have worked at Playhouse have not received any wages

or other compensation directly from Defendants. Instead, any compensation they have received has come directly from patrons in the form of payments for private dances.

18. In order to perform their job, the dancers have been required to pay "house fees" to Defendants, starting at $45 per night, and to pay various other fines and fees.

19. The exotic dancers have also been required to share their tips with or non-service employees, such as disc jockeys, bouncers and managers.

20. Even if the payments from patrons were deemed to be the dancers' "wages," the dancers have not been permitted to retain the full amount of these wages, since Defendant has subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers to share them with other employees).

21. In order to work at Playhouse, dancers are required to participate in Amateur Night. Dancers do not receive any wages for working Amateur Night. At the end of the night, Playhouse staff select dancers who will continue working at the club.

22. On July 1, 2020, Plaintiff Grove came in to Playhouse to dance for Amateur Night. At the end of the night, the lead DJ working that night, Zach Tiller, told her that Playhouse did not want to hire her because of Grove's pending wage and hour case against another strip club.

### V. CLASS AND COLLECTIVE ALLEGATIONS.

23. Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at Playhouse at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage compensation as required by the Fair Labor Standards Act.

24. Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals who worked as exotic dancers or strippers at Playhouse at any time within the three years prior to filing this lawsuit, who were misclassified as independent contractors and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Playhouse, or had any compensation deducted for mandatory house fees, tip-outs, or other similar charges.

25. This action on behalf of the class satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

> a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;
>
> b. There are questions of law and/or fact common to the members of the proposed class;
>
> c. The claims of Plaintiff, the representative of the proposed class, are typical of the claims of the proposed Plaintiff class; and
>
> d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

26. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Iowa Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### (Fair Labor Standards Act - Failure to Pay Minimum Wage)

27. Defendants are "employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because they have annual gross sales or business of at least $500,000 and have employees engaged in interstate commerce.

28. Plaintiff and the members of the FLSA Collective were employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

29. Defendants have failed to pay Plaintiff and the FLSA Collective Members an hourly rate of at least the minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C). Defendants are not permitted or allowed to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because they did not provide the required notice to Plaintiff and FLSA Collective Members, and because Plaintiff and FLSA Collective Members were not allowed to keep all tips received by them, but instead were required to share their tips with management and with other employees or agents of Defendant who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law. Plaintiff and FLSA Collective Members are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and FLSA Collective Members at least minimum wage was knowing, willful, intentional, and done in bad faith.

30. Plaintiff and FLSA Collective Members are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

31. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
**(Fair Labor Standards Act -Retaliation)**

32. Plaintiff repeats and realleges each and every allegation stated above.

33. Defendants' actions in refusing to rehire Plaintiff because of her pending FLSA lawsuit constitute retaliation in violation of the FLSA, 29 U.S.C. § 201 et seq.

## COUNT III
**(Iowa Wage Payment Collection Law)**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Iowa's Wage Payment Collection Law ("IWPCL") requires an employer to pay all wages due to its employees. *See* Iowa Code § 91A.5.

36. Defendants are subject to the wage requirements of the IWPCL because Defendants are "employers" under Iowa Code § 91A.2.

37. At all relevant times, Plaintiff and the Iowa Class Members were covered employees entitled to the above-described IWPCL protections. *See* IOWA CODE § 91A.2.

38. Plaintiff and the Iowa Class Members are not exempt from the requirements of the WPCL for wage payments.

39. Defendants, pursuant to their policies and practices, made unauthorized deductions from Plaintiff's and the Iowa Class Members' compensation in violation of the IWPCL. Iowa Code § 91A.5.

40. Pursuant to Iowa Code § 91A.8, employers, such as Defendants, who fail to pay an employee wages in conformance with the IWPCL shall be liable to the employee for the

wages or expenses that were not paid, interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

41. In violating Iowa law, Defendants acted willfully and with reckless disregard of clearly applicable IWPCL provisions.

**WHEREFORE**, Plaintiff requests that the Court enter the following relief:

a. An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. An order certifying the Class under Rule 23 to pursue the class members' Iowa wage claims against Defendants, appointing Plaintiff as a class representative and the undersigned counsel as class counsel;

c. An award of monetary damages to Plaintiff and Class and Collective Action Members in the form of back pay for unpaid minimum wages, reimbursement of all unlawful withholdings from Plaintiff's and the Class and Collective Action Members' wages, together with liquidated damages;

d. Attorneys' fees and costs; and

e. Such further relief as the Court deems just and proper.

        Respectfully submitted,

        _/s/ Nate Willems_____
        Rush & Nicholson P.L.C.
        P.O. Box 637
        Cedar Rapids, IA 52406
        Tel: 319-363-5209
        Fax: 319-363-6664
        Email:  nate@rushnicholson.com

        Harold Lichten, *pro hac vice anticipated*
        Olena Savytska, *pro hac vice anticipated*
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, MA 02116
        (617) 994-5800
        (617) 994-5801
        Email:  hlichten@llrlaw.com
                osavytska@llrlaw.com


        Attorneys for Plaintiff Andrea Grove, Individually
        and on Behalf of All Others Similarly Situated


Dated:  August 13, 2020