## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEER BARN CORPORATION, R & L B CORPORATION d/b/a IOWA PLAYHOUSE, RONALD BERGERON MICHAEL BERGERON, AND LYNDA BERGERON,<br><br>Defendants. | CA NO. 1:20-CV-00027-SMR-CFB |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF COLLECTIVE ACTION MEMBERS' CONTACT INFORMATON

Defendants' opposition to Plaintiff's Motion to Compel demonstrates, at best, carelessness, and, at worst, willful ignorance of the requirements of state and federal wage and hour laws on the part of Defendants. Defendants admit that they **had** access to dancers' contact information, and indeed collected it when hiring dancers, but then, starting in August 2019, began to destroy it. Defendants' explanation for this destruction of documents? The dancers were classified as independent contractors, and were not paid more than $600 by Playhouse. Neither of these arguments excuses Defendants' failure to keep documents.

While Defendants claim that, until Plaintiff filed her lawsuit in August 2020, they had no notice that Playhouse might be subject to a lawsuit, and thus had no obligation to preserve records – including dancers' contact information – this argument is hard to credit given the dozens of exotic dancer cases around the country in which dancers were found to be employees, as well as recent litigation in this Circuit. As Defendants note, a party has an obligation to

1

preserve evidence "when the party has notice that the evidence is relevant to litigation or when the party should have known that the evidence may be relevant to future litigation." Dkt. 32 p. 4 (citing <u>Fujitsu Ltd. V. FedEx Corp</u>. 247 F.3d 423, 436 (2d Cir. 2001). Defendants in this case **should have known** that they may be subject to a misclassification lawsuit. Another Iowa club, Tuxedos, was sued for exotic dancer misclassification under the FLSA and Iowa law in **November 2018**. <u>Beard v. Tuxedos of Waterloo, Inc.</u>, No. 3:18-cv-00117 (S.D. Iowa). The 2018 decision in <u>Mays v. Midnite Dreams</u> in neighboring Nebraska found dancers to be employees under Nebraska law despite the fact that the dancers signed a performance lease (much as dancers did in this case). <u>Mays v. Midnite Dreams, Inc.</u>, 915 N.W.2d 71 (Neb. 2018). A misclassification lawsuit under state and federal law was filed in May 2020 against Club Omaha. <u>See</u> <u>Grove v. Meltech, Inc.</u>, No. 8:20-CV-193 (D. Neb.). These are just a few examples.

  Indeed, Defendants' decision to literally burn identifying information for dancers starting in 2019 seems motivated not by a desire to protect the confidentiality of this information, but instead by a desire to avoid liability for wage and hour violations. Defendants seem to suggest that they relied on the advice of *an accountant* to determine whether they properly classified their dancers as independent contractors, and whether they were required to maintain dancers' data, and therefore acted in good faith. However, in a wage and hour case, consulting with an accountant is not enough to show "good faith" for purposes of the FLSA. <u>See</u> <u>Copantitla v. Fiskardo Estiatorio, Inc.</u>, 788 F. Supp. 2d 253, 316–17 (S.D.N.Y. 2011) ("defendants' evidence is insufficient for a finding of good faith under the FLSA. Even though Ziotas's consultation with an accountant constitutes an 'active step,' 'its purpose was plainly not to ascertain the dictates of the FLSA with respect to the issue at hand,' namely the prerequisites for taking a 'tip credit'

under the FLSA and the calculation of overtime wages.").[1] Here, it appears that Defendants simply asked their accountant what documentation they had to issue to dancers/keep for the dancers, rather than whether the dancers were properly classified as independent contractors. Although the Court need not resolve, at this early stage, the issue of whether Defendants acted in good faith for purposes of the FLSA, Defendants have not provided any viable excuse for their destruction of dancers' information.

Although Defendants claim any paper records have been destroyed, they do not mention whether they have contact information (phone numbers, email addresses, even Facebook contacts) for the dancers in electronic form. Indeed, it is hard to imagine that Defendants have no way whatsoever of keeping in touch with the dancers who work at Playhouse. Plaintiff therefore reiterates her request that Defendants be ordered to produce any such information in their possession, so that notice can be properly effectuated.

If Defendants have, in fact, burned all contact information for all dancers, and retain no phone numbers or email addresses in their phones, Defendants should be entirely responsible for the cost of notice by publication. See, e.g., Herbst v. Able, 49 F.R.D. 286, 287 (S.D.N.Y. 1970) ("notice by publication combined with individual mail notices where possible, is 'the best notice practicable under the circumstances'"). Defendants took active, deliberate steps to get rid of routinely collected contact information for Playhouse dancers – likely in response to mounting litigation against adult nightclubs. None of the reasons Defendants give for this decision excuse their conduct. Defendants are now in violation of the Court's order requiring them to produce

---

[1] In another case, where defendant argued that its accountant was to blame for any FLSA violations, the court found that Defendant's violations were willful. Perez v. El Tequila, LLC, 847 F.3d 1247, 1255 (10th Cir. 2017) (defendant "adjusted the payroll records and middle sheets to reduce hours, misrepresented facts to the WHD investigator, and instructed other employees to do the same.").

contact information for dancers, and they should be required to take the responsibility for remedying the lack of this contact information by paying for notice by publication. Specifically, Plaintiff requests that Defendants pay for the cost of running prominent online and print advertisements for four consecutive weeks in the following publications: the Omaha World Herald, KETV and The Daily Nonpareil. See In re Natl. Spa & Pool Inst., 257 B.R. 784, 791 (Bankr. E.D. Va. 2001) ("Notice by publication must be calculated to give notice" and should contain sufficient information regarding the case and the participants' rights); see also Dilonez v. Fox Linen Serv. Inc., 35 F. Supp. 3d 247, 256 (E.D.N.Y. 2014) ("the Notice and Consent form shall be circulated in both English and Spanish, the Notice shall be published in local Spanish periodicals").

## **CONCLUSION**

For the reasons stated above, the Court should grant Plaintiff's motion and order Defendants to produce additional contact information, including last-known addresses, phone numbers, and email addresses for collective action members within five days of its order. Plaintiffs also request, in the event the Court orders Notice by publication, that Defendants be required to bear all costs associated with this notice.

DATED:    May 28, 2021				Respectfully submitted,

						Andrea Grove, on behalf of herself
						and all others similarly situated,

						By her attorneys,


						/s/ Olena Savytska
						Harold Lichten (*pro hac vice*)
						Olena Savytska (*pro hac vice*)
						LICHTEN & LISS-RIORDAN, P.C.
						729 Boylston Street, Suite 2000
						Boston, MA 02116
						(617) 994-5800
						hlichten@llrlaw.com
						osavytska@llrlaw.com

						Nate Willems
						Rush & Nicholson P.L.C.
						P.O. Box 637
						Cedar Rapids, IA 52406
						Tel: 319-363-5209
						 Fax: 319-363-6664
						Email:  nate@rushnicholson.com


## CERTIFICATE OF SERVICE

	I hereby certify that on this 28 day of May, 2021, a copy of the foregoing motion was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

						/s/ Olena Savytska
						Olena Savytska, Esq.