IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ANDREA GROVE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEER BARN CORPORATION, R & L B CORPORATION d/b/a IOWA PLAYHOUSE, RONALD BERGERON, MICHAEL BERGERON and LYNDA BERGERON,<br><br>Defendants. | 1:20-cv-00027-SMR-SHL<br><br><br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF COLLECTIVE ACTION MEMBERS' CONTACT INFORMATION |

Before the Court is Plaintiff's Motion to Compel Production of Collective Action Members' Contact Information, filed on May 7, 2021. (Docket No. 29.) Defendants filed a response on May 21, 2021, to which Plaintiff replied on May 28, 2021. (Docket Nos. 32, 39.) The Court held a hearing on this matter on June 9, 2021, and now finds the Motion fully submitted.

The parties' dispute stems from Judge Rose's Order dated April 21, 2021, which directed Defendants to produce the "last known mailing address, email address, and phone numbers from any individual who worked as an exotic dancer at the Iowa Playhouse within the three years preceding the date of this Order." (Docket No. 27, p. 14.) The purpose of the directive was to facilitate notice of conditional certification under the Fair Labor Standards Act ("FLSA") to all potential class members. (Docket No. 27, p. 9.) Defendants initially produced the names of potential class members on May 4, 2021, but only four mailing addresses, one phone number, and no email addresses. (Docket No. 29, p. 1.) Defendants later produced contact information for three additional potential class members. (Docket No. 44.)

According to Declarations filed by Lynda and Michael Bergeron, contact information for exotic dancers was historically collected and stored in physical form at Defendants' business premises. (Docket Nos. 32-3, ¶ 10; 32-4, ¶ 8.) Lynda Bergeron states that she burned the physical files in August 2019 and adopted a policy to do so moving forward, citing: (a) apparent advice from an accountant, Shawn McDonald, that there was no financial or tax reason to maintain the information; and (b) the asserted risk that merely shredding or throwing out the files could compromise the dancers' identities. (Docket No. 32-3, ¶¶ 13 – 19.) Both Lynda and Michael Bergeron indicate dancers' contact information is not presently maintained and assert Defendants do not contact the dancers for scheduling or other purposes. (Docket Nos. 32-3, ¶ 20; 32-4, ¶ 14.)

The Court shares Plaintiff's concerns about the potentially pretextual nature of Defendants' motivation for burning the dancers' contact information.  Plaintiff correctly points out, for example, that Defendants' reliance on an accountant's advice is misplaced; Shawn McDonald was engaged to advise on tax obligations, not FLSA obligations or document retention policies. Moreover, Defendants did not submit a declaration from Mr. McDonald himself affirming the advice he is alleged to have provided; instead, at most, Defendants ask the Court to accept Lynda Bergeron's apparent *interpretation* of that advice.  Finally, the limited record to date shows that Defendants are selective in what they retain and what they destroy.  For example, they did *not* destroy a written contract between Playhouse Performing Arts Theatre and Plaintiff, instead submitting that contract to the Court to support Defendants' position in earlier motion practice relating to arbitration. (Docket No. 21-1.)  As that contract reflects some level of sophistication from Defendants on legal matters, the Court finds it difficult to understand why they would have destroyed records based on the alleged advice of an accountant.

Similarly, the Court finds it difficult to believe Defendants do not communicate with dancers in some form or another for scheduling and similar purposes. Defendants insist, however – with supporting declarations and in supplemental filings (Docket Nos. 32-3, ¶ 23; 32-4, ¶ 7; 44) – that their searches for contact information have included hardcopy and electronic records alike, and that no additional responsive materials exist in any of these forms.[1]

Under the circumstances, and for present purposes, the Court must accept Defendants' representations that they have no contact information for potential class members beyond what has been produced to date. The Court therefore DENIES IN PART Plaintiff's Motion to Compel Production of Collective Action Members' Contact Information. Defendants cannot produce what apparently no longer exists. *CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 328 F.R.D. 231, 236-37 (N.D. Iowa 2018).

Whether Defendants' destruction of contact information constitutes bad faith or rises to the level of sanctionable conduct is a different issue—although not one that is ripe for determination at this time. For now, and in light of the circumstances described above, the Court simply concludes Defendants should bear the full cost of publishing notice of this lawsuit in a manner reasonably calculated to reach potential class members. The Court therefore GRANTS IN PART Plaintiff's Motion and orders Defendants to publish notice of this case, at their expense, in prominent online and print advertisements in the following publications: the *Omaha World-Herald*, KETV, and *The Daily Nonpareil*. The notice shall run for four consecutive weeks and be identical to the notice approved in Judge Rose's Order dated April 21, 2021, with appropriate, non-

---

[1] During the hearing on June 9, 2021, the Court directed Defendants' counsel to confirm that their searches included *all* potential sources of contact information, including hardcopy records, cell phones, social media accounts, and similar sources. In a supplemental filing dated June 15, 2021 (Docket No. 44), Defendants stated they "searched anew all Facebook and electronic communications devi[c]es for contact information for performers who may be entitled to notice of this Court's orders regarding opt in information pertaining to conditional class certification." Defendants report that these searches were successful in uncovering contact information for three additional potential class members, but nothing more.

substantive modifications to reflect the fact of notice by publication. (Docket No. 27, pp. 10-11.) Plaintiff does not seek new or different return periods for the opt-in notice, so consistent with Judge Rose's Order, the potential class members shall have ninety days to return the opt-in notice following the last date of publication. (Docket No. 27, p. 12.) The parties shall coordinate to carry out this Court's Order and effectuate notice by publication, at Defendants' expense, starting with the initial publication on or before June 30, 2021.

**IT IS SO ORDERED.**

Dated June 16, 2021.

Stephen A. Locher
UNITED STATES MAGISTRATE JUDGE